IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. BEAUDETTE,<br><br>    Plaintiff,<br><br>  v.<br><br>D. WINFREY, et. al.,<br><br>    Defendants. | No. C 15-06052 BLF (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, a state prisoner at San Quentin State Prison ("SQSP"), filed the instant civil rights action in *pro se* pursuant to 42 U.S.C. § 1983, against Defendants at the Correctional Training Facility - Soledad, ("CTF"), where he was previously incarcerated. Plaintiff's motion for leave to proceed *in forma pauperis* will be granted in a separate order.

## DISCUSSION

**A.** <u>**Standard of Review**</u>

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify

any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.** **Plaintiff's Claims**

On June 26, 2015, Plaintiff was removed to the Administrative Segregation Unit ("ASU"), pursuant to an investigation allegedly initiated by two confidential informants while incarcerated at CTF. (Compl. Attach. at 4.) During ASU processing, Defendants Correctional Officers Winfrey and Quiroz removed Plaintiff's personal property from his cell and were responsible for packing and inventorying all of it. (*Id.*) Some of the items that were removed were "religious in nature including literature, case law pertaining to the possession of religious materials, literature pertaining to and from [P]laintiff's Christian Identity Church and letters from [P]laintiff's pastors." (*Id.*) Plaintiff was subsequently transferred to SQSP, where he discovered that the majority of his religious materials was missing when his property was returned to him on August 7, 2015. (*Id.* at 5.) He filed an administrative appeal, seeking the return of this lost property. (*Id.*) After an investigation, it was determined that the items had been disposed of by Defendants Winfrey and Quiroz. (*Id.*)

Plaintiff claims that Defendants Winfrey and Quiroz knew or should have known that he was entitled to possess religious materials, but "took it upon themselves to destroy all missing religious items." (Compl. Attach. at 6.) Plaintiff claims that Defendant Warden Spearman of CTF failed to properly investigate and take proper actions to discipline his subordinates. (*Id.*) Plaintiff claims that Defendant Spearman and "[John]

Does 1-5" failed to properly train Defendant Winfrey and Quiroz and to ensure "they understood and enforced inmate's rights to freedom of religion." Lastly, Plaintiff claims that the California Department of Corrections and Rehabilitation ("CDCR") failed to properly train all individual defendants to ensure they properly enforced inmate's rights to freedom of religion. (*Id.* at 7.) Plaintiff claims that Defendants violated the Religious Freedom Restoration Act, Title 42 U.S.C. § 2000cc et seq., the First and Fourteenth Amendments, and the Religious Land Use and Institutionalized Persons Act. (*Id.* at 7-13.) Plaintiff seeks declaratory relief and money damages. (*Id.* at 13.)

### 1. Religious Freedom Restoration Act ("RFRA")

Plaintiff fails to state a claim under the RFRA because the Supreme Court struck down RFRA as applied to state and local governments in *City of Boerne v. Flores*, 521 U.S. 507, 536 (1997). RFRA now only applies to the federal government. *Sossamon v. Texas*, 131 S. Ct. 1651, 1656 (2011). Accordingly, all RFRA claims against these state Defendants are DISMISSED with prejudice.

### 2. First Amendment

In order to establish a free exercise violation under the First Amendment, a prisoner must show a defendant burdened the practice of his religion without any justification reasonably related to legitimate penological interests. *See Shakur v. Schriro*, 514 F.3d 878, 883-84 (9th Cir. 2008). Liberally construed, Plaintiff's allegations indicate that Defendants disposed of some of his religious items without justification. However, his allegations are insufficient to state a free exercise violation because he does not explain how Defendants' actions burdened the practice of his religion. Otherwise, the loss of religious property which does not affect Plaintiff's practice of his religion is nothing more than a loss of property claim.[1] Accordingly, this claim shall be dismissed

---

[1] Although ordinarily, due process of law requires notice and an opportunity for some kind of hearing prior to the deprivation of a significant property interest, *see Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 19 (1978), neither the negligent nor intentional deprivation of property states a due process claim under § 1983 if the

with leave to amend for Plaintiff to attempt to state sufficient facts for a First Amendment violation, specifically, to explain how the loss of specific religious material burdened the practice of his religion.

### 3. Fourteenth Amendment

The Equal Protection Clause of the Fourteenth Amendment requires that an inmate who is an adherent of a minority religion be afforded a "reasonable opportunity of pursuing his faith comparable to the opportunity afforded fellow prisoners who adhere to conventional religious precepts," *Cruz v. Beto*, 405 U.S. 319, 322 (1972) (Buddhist prisoners must be given opportunity to pursue faith comparable to that given Christian prisoners), as long as the inmate's religious needs are balanced against the reasonable penological goals of the prison, *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 349 (1987). *Allen v. Toombs*, 827 F.2d 563, 568-69 (9th Cir. 1987). An inmate "'must set forth specific facts showing a genuine issue' as to whether he was afforded a reasonable opportunity to pursue his faith as compared to prisoners of other faiths" and that "officials intentionally acted in a discriminatory manner." *Freeman v. Arpaio*, 125 F.3d 732, 737 (9th Cir. 1997), abrogated on other grounds by Shakur, 514 F.3d at 884-85.

Plaintiff has failed to state sufficient facts to state an Equal Protection claim because nowhere in his complaint does he allege that he was not being afforded similar

---

deprivation was random and unauthorized. *See Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), overruled in part on other grounds, *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property). This certainly appears to be the cause here as Plaintiff claims that Defendants Winfrey and Quiroz intentionally and without authorization disposed of his religious material. The availability of an adequate state post-deprivation remedy, e.g., a state tort action, precludes relief because it provides sufficient procedural due process. *See Zinermon v. Burch*, 494 U.S. 113, 128 (1990) (where state cannot foresee, and therefore provide meaningful hearing prior to, deprivation statutory provision for post-deprivation hearing or common law tort remedy for erroneous deprivation satisfies due process); *King v. Massarweh*, 782 F.2d 825, 826 (9th Cir. 1986) (same). California law provides such an adequate post-deprivation remedy. *See Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).

treatment as compared to prisoners of other faiths. *Id.* Although he alleges that Defendant Winfrey stated "in no uncertain terms that he was opposed to [Plaintiff's] religious beliefs," (Compl. Attach. at 6), there is no allegation that Defendant Winfrey treated him differently from other prisoners of different faiths. Accordingly, this claim shall be dismissed with leave to amend for Plaintiff to attempt to state sufficient facts for a Fourteenth Amendment violation.

### 4. Religious Land Use and Institutionalized Persons Act ("RLUIPA")

RLUIPA largely mirrors the language of the RFRA, which the Supreme Court struck down as to state and local governments in *City of Boerne*, 521 U.S. at 536. *See supra* at 3. RLUIPA targets two areas of state and local action: land-use regulation, 42 U.S.C. § 2000cc (RLUIPA § 2), and restrictions on the religious exercise of institutionalized persons, § 2000cc-1 (RLUIPA § 3). *Id.*

Section 3 of RLUIPA provides: "No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 1997 [which includes state prisons, state psychiatric hospitals, and local jails], even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a). The statute applies "in any case" in which "the substantial burden is imposed in a program or activity that receives Federal financial assistance." 42 U.S.C. § 2000cc-1(b)(1). RLUIPA also includes an express private cause of action that is taken from RFRA: "A person may assert a violation of [RLUIPA] as a claim or defense in a judicial proceeding and obtain appropriate relief against a government." 42 U.S.C. § 2000cc-2(a); cf. § 2000bb-1(c). For purposes of this provision, "government" includes, inter alia, States, counties, municipalities, their instrumentalities and officers, and "any other person acting under color of state law." 42 U.S.C. § 2000cc-5(4)(A). "Congress has explicitly directed us to resolve any ambiguities in RLUIPA 'in favor of a broad protection of religious exercise, to the maximum extent

permitted.'" *Khatib v. County of Orange*, 639 F.3d 898, 900-01 (9th Cir. 2011) (en banc) (citing and adding emphasis to 42 U.S.C. § 2000cc-3(g)).

Plaintiff has failed to state sufficient facts for a RLUIPA claim because nowhere in the complaint does he allege that Defendants' actions imposed a "substantial burden" on the exercise of his religion. 42 U.S.C. § 2000cc-1(a). Accordingly, this claim shall be dismissed with leave to amend for Plaintiff to attempt to state sufficient facts for a RLUIPA claim.

### C. Superintendent Liability

Plaintiff's claims against Defendant Warden Spearman are based on his position as a supervisor to Defendants Winfrey and Quiroz. However, nowhere in the complaint does Plaintiff make specific allegations of Defendant Spearman's personal involvement in the allegedly unlawful disposal of his religious material. Nor does Plaintiff make any specific allegations against Defendant CDCR other than a failure to train its employees. Such claims fail because under no circumstances is there respondeat superior liability under § 1983, i.e., no liability under § 1983 solely because he employs a person who has violated plaintiff's rights. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978); *see Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Accordingly, the claims against Defendant Spearman and the CDCR are DISMISSED with leave to amend in accordance with the following.

A supervisor may be liable under section 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Henry A. v. Willden*, 678 F.3d 991, 1003-04 (9th Cir. 2012) (citing *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011)); *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011); *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc). A plaintiff must also show that the supervisor had the requisite state of mind to establish liability, which turns on the requirement of the particular claim - and, more specifically, on the state of mind required by the particular claim - not on a generally applicable concept of

supervisory liability. *Oregon State University Student Alliance v. Ray*, 699 F.3d 1053, 1071 (9th Cir. 2012).

### E. Doe Defendants

Plaintiff includes "J. Does 1-5" as Defendants in this action. (Compl. at 1.) Plaintiff is advised that although the use of "John Doe" to identify a defendant is not favored in the Ninth Circuit, *see Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *Wiltsie v. Cal. Dep't of Corrections*, 406 F.2d 515, 518 (9th Cir. 1968), situations may arise where the identity of alleged defendants cannot be known prior to the filing of a complaint. In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover their identities or that the complaint should be dismissed on other grounds. *See Gillespie*, 629 F.2d at 642; *Velasquez v. Senko*, 643 F. Supp. 1172, 1180 (N.D. Cal. 1986). Accordingly, "Does 1-5" are DISMISSED from this action. If through discovery Plaintiff is able to identify the unknown defendants, he may then motion the Court for leave to amend to name the intended defendants and to issue summons upon them. *See Gillespie*, 629 F.2d at 642; *Barsten v. Dep't of the Interior*, 896 F.2d 422, 423-24 (9th Cir. 1990).

### CONCLUSION

For the foregoing reasons, the complaint is **DISMISSED** with leave to amend. Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file an amended complaint. The amended complaint must include the caption and civil case number used in this order, Case No. C 15-06052 BLF (PR), and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed.

**Failure to respond in accordance with this order in the time provided will result in the dismissal of this action without prejudice and without further notice to Plaintiff.**

1 |     The Clerk shall include two copies of the court's complaint with a copy of this
2 | order to Plaintiff.
3 | **IT IS SO ORDERED.**
4 | DATED: April 26, 2016

BETH LABSON FREEMAN
United States District Judge